IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Retha A. Thomas, | : | |
| Plaintiff | : | Civil Action 2:14-cv-0400 |
| v. | : | Judge Frost |
| Franklin County Municipal Court and Judge Scott D. Vanderkarr, | : | Magistrate Judge Abel |
| Defendants | : | |
| | : | |

## Initial Screening Report and Recommendation

Plaintiff Retha A. Thomas, brings this civil rights action under 42 U.S.C. §1983. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See, *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.  1997).  The Magistrate Judge finds that the complaint fails to state a claim and that Judge Vanderkarr is judicially immune from suit and, therefore, recommends dismissal of the complaint.

The complaint alleges that on March 21, 2013 Judge Vanderkarr caused plaintiff Retha A. Thomas to be forcibly placed in the Twin Valley Mental Health Facility without

first holding a hearing. On May 2,2013, another judge ordered her released from the Facility. The complaint maintains that defendants denied plaintiff due process of law when Judge Vanderkarr ordered her held at the mental health facility.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The United States Supreme Court held in *Erickson v. Pardus,* 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Moreover, *pro se* prisoner complaints must be liberally construed.  *Erickson v. Pardus*, above; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

<u>Analysis</u>. The municipal court did not engage in any actionable conduct. Further, A state court is not a "person" within the meaning of 42 U.S.C. §1983.  *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997).  *See, Popovich v. Cuyahoga Co. Court of Common Pleas, Domestic Relations Division*, 2000 WL 1335555 (6th Cir. Sept. 18, 2000); *Sampson v. City of Xenia*, 1999 WL 33100502, at *15 (S.D. Ohio Mar. 19, 1999)(Municipal Court).  An

Ohio municipal court is an arm of the State of Ohio for purposes of §1983 liability and Eleventh Amendment immunity analysis. *See, Mumford*, 105 F.3d at 269. As an arm of the state, it is immune from suit for money damages under §1983.

<u>Judicial immunity</u>. A judge performing judicial duties is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); C*ollyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Judges are immune from suit even if they act erroneously, corruptly or in excess of their jurisdiction. *Mireles*, 502 U.S. at 11; *Barnes*, 105 F.3d at 1115-16. Consequently, Judge Vanderkarr is immune from suit.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because a municipal court is not an entity that can be sued under 42 U.S.C. §1983 and because Judge Vanderkarr is judicially immune from suit under 42 U.S.C. §1983. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in

question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

                                                 s/Mark R. Abel
                                                 United States Magistrate Judge